IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LARRY E. GOUGE, JR.,

Plaintiff,

v.

CSX TRANSPORTATION, INC.,

Defendant.                                              No. 12-cv-1140-DRH

MEMORANDUM and ORDER

HERNDON, Chief Judge:

### I. Introduction and Background

Before the Court is CSX Transportation, Inc.'s motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) (Doc. 10). Specifically, defendant moves the Court to dismiss without prejudice plaintiff's cause of action on the grounds that venue is not proper or in the alternative to transfer this cause of action pursuant to 28 U.S.C. §1404(a). Plaintiff opposes the motion (Doc. 19). As the Court finds that venue is proper and that defendant has not met its burden of demonstrating that the Eastern District of Tennessee is clearly more convenient, the Court **DENIES** the motion.

On November 1, 2012, Larry E. Gouge, Jr., filed a complaint against CSX Transportation, Inc. ("CSX") for violations of the Federal Rail Safety Act, 49 U.S.C. § 20109 ("FRSA") (Doc. 2).  Gouge works as a conductor for CSX on its KD subdivision which runs from Corbin, Kentucky to Etowah, Tennessee.  The complaint alleges that CSX repeatedly harassed and discriminated against Gouge because he filed a personal injury report and reported unsafe conditions at CSX.

The complaint alleges the following.  On December 2, 2009, Gouge completed a Report of Personal Injury after he was struck and injured by overgrown trees and vegetation while riding on the side of a rail car.  As a result, Gouge was out of work for about one year until November 17, 2010 when he returned to work for CSX.  Upon returning to work, CSX subjected plaintiff to intimidation, harassment, discrimination, and unfavorable personnel actions.  Pursuant to 49 U.S.C. § 20109, plaintiff engaged in protected activities and CSX was aware that activities were protected.   In April 2011, Gouge filed a complaint with the Occupational Safety and Health Administration ("OSHA") claiming that CSX retaliated against him in violation of FRSA because of his December 2009 workplace injury.  Subsequently, Gouge amended his complaint with OSHA.

CSX moves to dismiss without prejudice this case for improper venue arguing that Gouge filed the case here "solely because his counsel maintains an office in this district."  CSX maintains that venue is not proper in this district under the FRSA's venue provision or the federal venue statute provision.  Alternatively, CSX moves the Court to transfer the Eastern District of Tennessee

where the parties reside and the relevant events occurred. Gouge responds that venue is proper under the federal venue statute as CSX resides in this district because it operates Rose Lake Yard in East St. Louis, Illinois and operates a "major rail yard in East St. Louis, Illinois." Also, plaintiff argues that CSX has failed to show that the Eastern District of Tennessee is clearly more convenient. The Court agrees with plaintiff.

## II. Analysis

Rule 12(b)(3) provides that a party may move to dismiss based on improper venue. Fed.R.Civ.P. 12(b)(3). In ruling on a motion to dismiss for improper venue, the court follows the same standard as for a Rule 12(b)(2) dismissal, taking all the allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff. *See Faulkenberg v. CB Tax Franchise Sys., LP,* 637 F.3d 801, 806 (7th Cir.2011) (citing *Kochert v. Adagen Med. Int'l, Inc.,* 491 F.3d 674, 677 (7th Cir.2007)). The defendant has the burden of showing that venue is improper. *Granader v. Peachtree Lane Assocs. ( In re Peachtree Lane Assocs.),* 150 F.3d 788, 794 (7th Cir.1998).

Under 28 U.S.C. § 1391(b), applicable to civil actions wherein jurisdiction is not founded solely on diversity, venue is proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ..., or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).  Furthermore, for the purposes of determining venue under this provision, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.  28 U.S.C. § 1391(c).

Clearly, pursuant to 28 U.S.C. § 1391(b)(1), venue is proper in this judicial district.  CSX resides in this judicial district because it owns and operates rail yards in East St. Louis, Illinois which are located in this judicial district.

Next, the Court must address defendant's arguments as to the venue provision contained in the FRSA.  Defendant contends that under FRSA venue is proper in the Eastern District of Tennessee as that is where the violations occurred.  Defendant maintains that while 49 U.S.C. §20109(d)(3) does not define the "appropriate district court," 49 U.S.C. § 20109(d)(2)(A)(iii) provides for the Secretary of Labor the right to bring an action to enforce the orders entered by it "in the district court … in which the violation occurred."  Thus, according to defendant, venue is proper in the Eastern District of Tennessee.  Plaintiff responds that Congress did not promulgate a special rule for venue in FRSA.

49 U.S.C. § 20109(d)(3) provides:

> **De novo review.**--With respect to a complaint under paragraph (1), if the Secretary of Labor has not issued a final decision within 210 days after the filing of the complaint and if the delay is not due to the bad faith of the employee, the employee may bring an original action at law or equity for de novo review in the appropriate district court of the United States, which shall have jurisdiction over such an action without regard to the amount in controversy, and which action shall, at the request of either party to such action, be tried by the court with a jury

Clearly, § 20109(d)(3) does not contain a special rule for venue and does not define "the appropriate district court." The Court agrees with plaintiff that Congress has been clear in promulgating venue in other federal statutes. *See* 42 U.S.C. § 2000e-5(f)(3); 18 U.S.C. § 1965; 28 U.S.C. § 1400(b); and 28 U.S.C. § 1402. Since Congress failed to specify venue in FRSA, the Court finds that federal venue statute 28 U.S.C. § 1391(b)(1) applies in this matter and that venue is proper in this judicial district. Thus, the Court denies CSX's motion to dismiss for improper venue. Therefore, the Court must address CSX's alternative argument regarding transfer.

Section 1404(a), which governs the transfer of an action from one federal district court to another, provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The purpose of § 1404(a) is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expenses …." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). Defendant bears the burden of establishing that the transferee forum is "clearly more convenient." *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 220 (7th Cir. 1986).

In weighing these factors, a task committed to the sound discretion of the trial judge, district courts must consider the statutory factors in light of all the circumstances of the case. *Id.* at 219. When assessing convenience, courts generally look to "each party's access to and distance from resources in each

forum," "the location of material events," "the availability of and access to witnesses," and "the relative ease of access to sources of proof." *See Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.,* 626 F.3d 973, 978 (7th Cir. 2010).

As to the interests of justice, courts consider "docket congestion and likely speed to trial in the transferor and potential transferee forums; each court's relative familiarity with the relevant law; the respective desirability of resolving controversies in each locale; and the relationship of each community to the controversy." *Id.* (citations omitted). The Court stresses that "'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" *In re Nat'l Presto Indus., Inc.,* 347 F.3d 662, 664 (7th Cir. 2003) (quoting *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947)). Stated more plainly, a tie goes to plaintiff. *Id.* at 665.

Here, defendant has not met is burden of demonstrating that the Eastern District of Tennessee is clearly more convenient. Although most of the incidents alleged in the complaint occurred in Etowah, Tennessee and this action could have been brought in the Eastern District of Tennessee, other factors mitigate against the transfer to Tennessee. Plaintiff also maintains that CSX's ethics department, located in Jacksonville, Florida, played a major role in the investigation of CSX harassment and many of the records are located in Jacksonville, Florida. Further, Gouge chose to litigate the case in this judicial district. Unquestionably, the Southern District of Illinois is convenient for Gouge.

As to the convenience of this forum to CSX, CSX is headquartered in Jacksonville, Florida and it owns and operates rail yards is East St. Louis (where this Court sits). Further, records, investigative reports and any other such documents can easily be brought to this judicial district. The Court does not believe that keeping the case in the Southern District of Illinois would be especially inconvenient for CSX. Thus, the Court is not persuaded that the transferor district is any less convenient for CSX than the transferee district.

The same applies for the convenience of witnesses. CSX cites to witnesses who reside in Georgia, Florida and Tennessee as demonstrating the Eastern District of Tennessee is clearly more convenient. Specifically, CSX maintains that CSX manager Michael Scharp lives in Tennessee and that CSX manager Shannon Smith lives in Georgia and CSX manager Marcus McCant lives in Florida. In sum, CSX argues transfer is warranted as the incidents at issue occurred in Tennessee and it would be inconvenient for the witnesses to have to travel to this judicial district to testify. The Court finds that any of these witnesses deemed necessary to this case could be offered to the jury via deposition. Moreover, two of plaintiff's witnesses, Regina Gouge and Peter Spakosy, have stated that traveling to and testifying in the Southern District of Illinois is convenient for them. As to the convenience of witnesses, the Court finds that the Southern District of Illinois is just as convenient to the witnesses as the Eastern District of Tennessee.

Lastly, the Court must consider the "interest of justice" component of the transfer analysis. "Public interests" address the interest of justice and include: (1)

the speed of the proceeding; (2) the Court's familiarity with applicable law; and (3) the relation of the community to the occurrence and the desirability of resolving the controversy in its locale. Plaintiff's claim arises under federal law, thus, the familiarity with the law is neutral. Likewise is the speed at which the case will proceed to trial factor. Based on the most recent statistics, the median time from the filing to trial in civil cases is 22.7 months in the Southern District of Illinois and 26.7 months in the Eastern District of Tennessee. While this factor slightly favors this forum, it is more or less neutral as well. While plaintiff is a Tennessee resident, the Court notes that this district also has a strong interest in litigating this case as defendant, an Illinois resident, employs citizens of this judicial district as it operates rail yards in East St. Louis. Similarly to the convenience factors, the interest of just inquiry demonstrates the weight of the factors is balanced at best. Thus, defendant has not met its burden.

The Court notes that the Seventh Circuit has held that ease of access to the sources of proof, easy air transportation, the rapid transmission of documents and the abundance of law firms with nationwide practices, make it easy for cases to be litigated with little extra burden in any of the major metropolitan areas. *Board of Trustees, Sheet Metal Workers National Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1037 (7th Cir. 2000). The Southern District of Illinois is located in the St. Louis metropolitan area, hence, this factor strongly favors not transferring the suit.

### III. Conclusion

Accordingly, the Court **DENIES** defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) (Doc. 10).

**IT IS SO ORDERED.**

Signed this 27th day of June, 2013.

David R. Herndon
2013.06.27
16:28:41 -05'00'

**Chief Judge**
**United States District Court**